*463 OPINION.
Leeoii :
The principal issue in this case is one of fact: Did Carey give the ticket to petitioner and Mrs. Silver, or to petitioner alone? Although there is some conflict in the evidence, namely, that petitioner and Mrs. Silver both stated in their separate returns that the winning ticket was “purchased” by both of them and that a revenue agent testified that petitioner stated on one occasion he had acquired the ticket himself, we are inclined to believe the testimony of petitioner and Mrs. Silver, which is supported by the evidence of Carey, a disinterested third party. We think it is also sufficiently demonstrated by the evidence that petitioner and Mrs. Silver treated the prize money as belonging one-half to each. It is shown that $34,163.13, plus smaller sums of undisclosed amount, was spent for Mrs. Silver’s benefit. The fact that some of the stock was not in her name is plausibly explained. The fact that she gave the income on her securities to petitioner to use 'for insurance premiums does not contradict her ownership of the securities themselves.
Since the winning ticket belonged to both petitioner and his wife, one-half of the prize money, less one-half the cost of the ticket, is taxable to each. Christian H. Droge, 35 B. T. A. 829; Samuel L. Huntington, 35 B. T. A. 835.
Petitioner makes the somewhat novel contention that, since the tickets were acquired by gift, the prize money is exempt from taxa *464 tion also. He quotes the definition of income contained in Eisner v. Macomber, 252 U. S. 189, in support of Ms position. The Court there said:
* ⅜ ⅜ “Income may be defined as the gain derived from capital, from labor, or from both combined,” provided it be understood to include profit gained through a sale or conversion of capital assets * * ⅜.
Petitioner argues that the receipt of the prize money in the premises does not fall within that definition.
In this we think petitioner is in error. All that he and his wife received by way of gift was a ticket costing approximately $2.50⅜ It thereupon became part of their capital. When the race was run, prize money was realized on a capital asset acquired by gift, and it constituted income taxable not only under the rule of the Macomber case and the cited authorities, but also under the express language of section 22 (b) (8) of the Revenue Act of 1936, which reads as follows:
SEO. 22. GROSS INCOME.
* ⅛ * * * * *
(b) Exclusion's from Gross Income. — The following items shall not be included in gross income and shall be exempt from taxation under this title: *******
(3) Guns, bequests, and devises. — The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).
See also Dulin v. Commissioner, 70 Fed. (2d) 828; sec. 111, Revenue Act of 1936.
Finally, petitioner may not deduct the expenses incurred in the collection of the prize money. Assuming without deciding that they were ordinary and necessary, they were not incurred in carrying on any trade or business and hence are not allowable. Sec. 23 (a), Revenue Act of 1936; Kane v. Commissioner, 100 Fed. (2d) 382.

Decision will be entered under Rule SO.